Andrew C. Schwartz (State Bar No. 64578)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ALLISON and HAZEL ALLISON, | Case No. |
| Plaintiffs, | COMPLAINT FOR DAMAGES (Violation of Civil Rights) |
| vs. | JURY TRIAL DEMANDED |
| STEPHEN JOHANSON, in his individual capacity; STEVE DAWSON, in his individual capacity, and DOES 1 through 50, | |
| Defendants. | |

## JURISDICTION AND VENUE

(1) This complaint alleges violations of the constitutional rights of JARED ALLISON and HAZEL ALLISON. The complaint seeks remedies pursuant to Title 42, United States Code, section 1983 and California statutory and common law. Jurisdiction is conferred upon the United States District Court by Title 28, United States Code, sections 1331 and 1343. The actions giving rise to defendants' liability, as alleged in this complaint, occurred in the City of Vallejo, County of Solano, State of California, which is within this judicial district. Venue is therefore proper in the Eastern District pursuant to Title 28, United States Code, Section 1391(b).

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*                                                                                                          Page 1
COMPLAINT FOR DAMAGES

(2) Plaintiffs have filed government tort claims with the Solano Community College District, which employed defendants STEPHEN JOHANSON and STEVE DAWSON. Plaintiffs have satisfied all conditions precedent to an action against the individual employees of the Solano Community College District under California law.

(3) Plaintiffs hereby demand a jury trial in this action.

## IDENTIFICATION OF PARTIES

(4) Plaintiffs JARED ALLISON and HAZEL ALLISON are adult citizens of the United States, residing within this judicial district. Plaintiffs are married to each other and have two young children. At the time of the events giving rise to this complaint, plaintiffs' elder daughter was approximately six years old and plaintiffs' younger daughter was approximately three months old.

(5) At all relevant times, defendant STEPHEN JOHANSON was employed as a police officer for the Solano Community College District Police Department. All of the acts and omissions committed by STEPHEN JOHANSON, as described in this complaint, were committed within the course and scope of STEPHEN JOHANSON's employment as a police officer for the Solano Community College District Police Department. All of plaintiffs' claims against STEPHEN JOHANSON under 42 U.S.C. § 1983 are against JOHANSON in his individual capacity.

(6) At all relevant times, defendant STEVE DAWSON was employed as the Chief of Police for the Solano Community College District Police Department. All of the acts and omissions committed by STEVE DAWSON, as described in this complaint, were committed within the course and scope of STEVE DAWSON's employment as Chief of Police for the Solano Community College District Police Department. All of plaintiffs' claims against STEVE DAWSON under 42 U.S.C. § 1983

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*     Page 2
COMPLAINT FOR DAMAGES

1   are against DAWSON in his individual capacity.

2   (7)   Plaintiffs are ignorant of the true names and capacities of defendants DOES 1 through 50, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as described in this complaint. Plaintiffs will amend their complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained. Any reference in this complaint to "defendant," "defendants," or to an individually-named defendant also refers to defendants DOES 1 through 50.

(8)   At all times mentioned in this complaint, each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the remaining defendants, and in doing the things alleged in this complaint, was acting within the course and scope of this agency or employment.

## FACTS GIVING RISE TO THIS COMPLAINT

(9)   JARED ALLISON suffered serious physical and emotional injuries when he was exposed to pepper spray and repeatedly struck with fists and a collapsible baton by defendant STEPHEN JOHANSON on December 17, 2007, without justification or provocation.

(10)   HAZEL ALLISON suffered pain and severe emotional trauma when she and the couple's young children were exposed to pepper spray by defendant STEPHEN JOHANSON.

(11)   HAZEL ALLISON also suffered pain and severe emotional trauma when she witnessed the mistreatment of her husband JARED ALLISON and of her children by JOHANSON.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*   Page 3
COMPLAINT FOR DAMAGES

(12) JOHANSON also falsely arrest and imprisoned JARED ALLISON and published false statements to support the prosecution of criminal charges against JARED ALLISON without probable cause. STEPHEN JOHANSON inflicted all of these injuries after losing his temper in the course of issuing a parking ticket to the Allisons.

(13) Plaintiff JARED ALLISON is employed as a custom metal fabricator. Prior to the occurrence of the events giving rise to this complaint, JARED ALLISON had been retained by a general contractor to create a plaque for the Solano Community College District.

(14) On the afternoon of December 17, 2007, JARED ALLISON, HAZEL ALLISON and the couple's two children rode to the Vallejo campus of the Solano Community College District in the family car. At approximately 5:30 p.m. they drove onto the Vallejo campus to drop off a plaque that he had prepared for the Solano County Community College District. JARED ALLISON parked the car near a building entrance and briefly went inside to drop off the plaque. The area where JARED ALLISON parked was marked as a "no parking" zone.

(15) As soon as JARED ALLISON went inside, defendant STEPHEN JOHANSON approached the car to write a parking ticket. When he returned to the car, JARED ALLISON was surprised to find that the car was being ticketed. He questioned whether the ticket was necessary, since his wife and kids were in the car and his wife could have easily moved the car.

(16) JARED ALLISON then advised JOHANSON that he would move his car out of the red zone. JOHANSON did not respond or object.

(17) JARED ALLISON got into his car and drove it directly into the immediately adjacent parking area and pulled into the first legal spot. When JARED

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Allison v. Johanson, et al.*
COMPLAINT FOR DAMAGES

Page 4

ALLISON had completed this brief maneuver and re-parked, JOHANSON angrily shouted commands to "Stop the car," and pulled his patrol car behind the ALLISON's car in its parking spot.

(18)   Without issuing instructions or warnings, and without any justification whatsoever for making physical contact with JARED ALLISON, JOHANSON angrily reached into the Allisons' car and grabbed JARED ALLISON by the wrist.

(19)   With full knowledge that HAZEL ALLISON and the couple's two children were present in the car with JARED ALLISON, JOHANSON twice sprayed a stream of Oleoresin Capsicum throughout the interior of the car and directly into the face of JARED ALLISON without justification or provocation. Particles from the spray went into the eyes of HAZEL ALLISON, and onto the faces and clothing of the two screaming children. The Allisons' elder daughter vomited after inhaling the pepper spray.

(20)   Although largely disabled from the pepper spray, JARED ALLISON climbed out of the car to prevent any further assault on his wife and children. He did not strike or threaten the officer. JOHANSON, however, then used his fists to strike JARED ALLISON multiple times in the head and neck without justification or provocation.

(21)   HAZEL ALLISON struggled to comfort the children and pleaded for the attack to end. Again, without lawful justification or provocation, JOHANSON extended his collapsible baton and used the weapon to strike JARED ALLISON, breaking his hand.

(22)   JOHANSON then commanded JARED ALLISON to lie on the ground, and saying, "I'm arresting you for resisting arrest." Although JARED ALLISON had

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Allison v. Johanson, et al.*                                                                                                               Page 5
COMPLAINT FOR DAMAGES

immediately complied with the command to lie down, JOHANSON struck JARED ALLISON with the baton again while JARED ALLISON was lowering himself to the ground. JOHANSON then stood on top of JARED ALLISON's right foot, knelt on JARED ALLISON's back, and pulled JARED ALLISON's hands high behind his back for handcuffing.

(23)    At no time during JOHANSON's use of force against JARED ALLISON, did JARED ALLISON physically or verbally threaten JARED ALLISON or pose any danger to JOHANSEN. JOHANSON never warned JARED ALLISON that JOHANSON would use physical force against JARED ALLISON.

(24)    Paramedics were called. The paramedics provided first aid for the effects of the pepper spray, and attempted to clean the interior of the Allisons' car. The paramedics also requested JOHANSON to loosen the handcuffs on JARED ALLISON and to move the cuffs to the front, in view of the evident injuries to JARED ALLISON's hand. JOHANSON refused to do so.

(25)    After receiving emergency treatment at Sutter Solano Medical Center, JARED ALLISON was transported to jail.

(26)    JOHANSON then prepared and filed a police report that was deliberately false in multiple respects. Among other things, JOHANSON's report falsely asserted that JARED ALLISON attempted a high speed escape, that JARED ALLISON had intentionally assaulted JOHANSON, that JOHANSON had no knowledge of the family members present in the car when he applied the Oleoresin Capsicum, that JOHANSON had issued all appropriate warnings before any use of force, and that the use of force against JARED ALLISON was necessary and justified under the circumstances.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Allison v. Johanson, et al.*                                                                                               Page 6
COMPLAINT FOR DAMAGES

(27) On the basis of the police report filed by JOHANSON, JARED ALLISON was criminally charged with resisting arrest and battery on a police officer.

(28) JARED ALLISON posted bail to secure his release from jail and retained an attorney to dispute the criminal charges, all of which were ultimately dismissed.

(29) Plaintiffs are informed and believe, and on that basis allege that defendant STEVE DAWSON, in his individual capacity, and DOES 1 through 50 knowingly ratified and adopted the conduct of STEPHEN JOHANSON, with deliberate and indifference to the rights of plaintiffs.

(30) Plaintiffs are informed and believe, and on that basis allege that defendant STEVE DAWSON, in his individual capacity, and DOES 1 through 50 had actual and/or constructive knowledge that the failure to adequately train, supervise, and discipline subordinate officers created a substantial risk of injury to citizens, and of violations of personal and constitutional rights. In failing to adequately train, supervise, and discipline JOHANSON to manage citizen encounters safely and within professional law enforcement standards, defendants were deliberately indifferent to the substantial risk of violating such rights. The deliberate indifference of STEVE DAWSON and DOES 1 through 50 was a substantial and proximate cause of the irresponsible and illegal use of force against JARED ALLISON and HAZEL ALLISON.

DAMAGES

(31) Plaintiffs were physically, emotionally, and financially injured and damaged as a proximate result of the misconduct of defendants. In addition to the physical suffering induced by the unnecessary and excessive spraying of Oleoresin Capsicum into the Allison's car, plaintiff HAZEL ALLISON suffered terror, fear, worry, anxiety, and severe emotional distress as a proximate result of witnessing the extreme

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

and unjustified aggression of JOHANSON toward the occupants of the Allison's car, including HAZEL ALLISON and the two children, and witnessing the unnecessary application of extreme physical force against JARED ALLISON. JARED ALLISON suffered broken bones in his hand and foot, muscle sprains and strains, and multiple lacerations and contusions over his entire body, in addition to the pain and disability resulting from direct exposure to Oleoresin Capsicum.

(32)   As a further proximate result of the misconduct of defendants, plaintiffs incurred medical expenses for the treatment of their physical and emotional injuries, lost time from their usual employment, and incurred expenses for bail and for attorney's fees in the defense of the false criminal charges prosecuted against JARED ALLISON. Plaintiffs have also suffered the violation of their constitutional rights, and loss of the sense of security, dignity, and pride as citizens of the United States of America.

(33)   The conduct of defendant JOHANSON was malicious, wanton, and oppressive. Plaintiffs therefore seek an award of punitive damages against this defendant.

(34)   Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CLAIM FOR RELIEF
**PLAINTIFFS JARED ALLISON and HAZEL ALLISON**
**42 U.S.C. Section 1983**
**Excessive Force – Fourth Amendment -- Stephen Johanson**

(35)   Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as though fully set forth in this claim for relief.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*                                                                                    Page 8
COMPLAINT FOR DAMAGES

(36) Defendant STEPHEN JOHANSON acted under color of law in pepper-spraying, and in otherwise employing unnecessary and excessive force against JARED ALLISON, and in pepper-spraying HAZEL ALLISON without lawful justification, thereby depriving plaintiffs of certain constitutionally-protected rights, including, but not limited to the right to be free from unreasonable seizures by law enforcement officers, as guaranteed by the Fourth Amendment to the United States Constitution.

(37) As a proximate result of the conduct of defendant STEPHEN JOHANSON, plaintiffs suffered physical pain and emotional distress and the deprivation of constitutionally protected rights, and incurred damages as described in this complaint.

(38) Defendant STEPHEN JOHANSON acted in reckless and callous disregard for the constitutional rights of plaintiffs, and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against JOHANSON.

WHEREFORE, plaintiffs pray for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**PLAINTIFF JARED ALLISON**
**42 U.S.C. Section 1983**
**False Police Report – Fourteenth Amendment -- Denial Of Due Process –**
**Stephen Johanson**

(39) Plaintiff realleges and incorporates by reference paragraphs 1 through 36 as though fully set forth in this claim for relief.

(40) Defendant JOHANSON, acting in his individual capacity, also acted under color of law in deliberately preparing and submitting a false police report to justify his use of extreme and injuring force against JARED ALLISON and HAZEL ALLISON, and to support the prosecution of criminal charges against JARED ALLISON.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*   Page 9
COMPLAINT FOR DAMAGES

(41) The preparation and submission of a false police report by STEPHEN JOHANSON violated JARED ALLISON's right not to be subjected to criminal charges on the basis of false evidence deliberated fabricated by an officer of the government acting under color of law.

(42) As a proximate result of the conduct of defendant STEPHEN JOHANSON, plaintiff JARED ALLISON suffered emotional distress; the deprivation of constitutionally protected rights, was obligated to retain counsel to defend himself against the false criminal charges; and incurred damages as described in this complaint.

(43) Defendant STEPHEN JOHANSON acted in reckless and callous disregard for the constitutional rights of plaintiff JARED ALLISON, and with willful oppression and malice. Plaintiffs therefore seek an award of punitive damages against JOHANSON.

WHEREFORE, plaintiffs pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### PLAINTIFFS JARED ALLISON AND HAZEL ALLISON
### 42 U.S.C. Section 1983
### Supervisory Liability Fourth And Fourteenth Amendments – Steve Dawson

(44) Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as though fully set forth in this claim for relief

(45) Defendant STEVE DAWSON, in his individual capacity, acted under color of law in supervising STEPHEN JOHANSON. DAWSON set in motion the actions which resulted in the deprivation of the Fourth and Fourteenth Amendment rights of plaintiff JARED ALLISON and the Fourth Amendment rights of plaintiff HAZEL ALLISON.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*
COMPLAINT FOR DAMAGES
Page 10

(46)  Defendant STEVE DAWSON, in his individual capacity, acted under color of law in failing to provide appropriate training and supervision to JOHANSON in managing citizen encounters and in the lawful restrictions upon the use of force by police officers.  In failing to provide appropriate training and supervision, STEVE DAWSON was deliberately indifferent to the substantial risk that JOHANSON would deprive citizens, including JARED ALLISON and HAZEL ALLISON, of their constitutionally-protected rights.  Plaintiffs' injuries were the proximate result of such deliberate indifference by STEVE DAWSON.

(47)  Defendant STEVE DAWSON, in his individual capacity, acted under color of law by ratifying STEPHEN JOHANSON's use of excessive force against JARED ALLISON and HAZEL ALLISON and JOHANSON's and by ratifying JOHANSON's submission of a deliberately false police report caused the filing of criminal charges against plaintiff JARED ALLISON.

(48)  As a proximate result of the conduct of defendants, plaintiffs suffered physical pain and emotional distress and the deprivation of constitutionally protected rights, and incurred damages as described in this complaint.

(49)  Defendant STEPHEN JOHANSON acted in reckless and callous disregard for the constitutional rights of plaintiffs, and with willful oppression and malice.  Plaintiffs therefore seek an award of punitive damages against JOHANSON.

WHEREFORE, plaintiffs pray for relief as set forth below.

\ \ \

\ \ \

\ \ \

## FOURTH CLAIM FOR RELIEF

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Allison v. Johanson, et al.*  
COMPLAINT FOR DAMAGES  
Page 11

**PLAINTIFFS JARED ALLISON AND HAZEL ALLISON**
**California Civil Code § 52.1**
**Stephen Johanson**

(50) Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as though fully set forth in this claim for relief.

(51) In intentionally pepper-spraying plaintiffs, and in grabbing, punching, and striking JARED ALLISON with his baton, in standing on JARED ALLISON's foot and handcuffing JARED ALLISON with excessive force, defendant STEPHEN JOHANSON interfered and attempted to interfere with plaintiffs' rights, as protected by the Constitutions and laws of the United States and of the State of California, by threats, intimidation, and coercion. The violation of these rights by JOHANSON is actionable under California Civil Code section 52.1.

(52) The rights violated by JOHANSON include the right to be free from the arbitrary abuse of the police power, including the use of unnecessary and excessive force by police officers, as protected by Article I, Section 13 of the California Constitution, and the Fourth amendment to the United States Constitution.

(53) As a proximate result of the conduct of defendant JOHANSON, plaintiffs suffered damages, as described in this complaint, including actual damages within the meaning of California Civil Code section 52.

(54) As a proximate result of the conduct of defendant, plaintiffs are also entitled to an award of exemplary damages, civil penalties, and attorneys' fees, as provided by California Civil Code section 52.

\ \ \

\ \ \

WHEREFORE, plaintiff prays for judgment as set forth below.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*
COMPLAINT FOR DAMAGES
Page 12

**FIFTH CLAIM FOR RELIEF**
**PLAINTIFFS JARED ALLISON AND HAZEL ALLISON**
**Battery**
**Stephen Johanson**

(55) Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as though fully set forth in this claim for relief.

(56) The conduct of defendant STEPHEN JOHANSON, in pepper-spraying JARED ALLISON and HAZEL ALLISON, and in grabbing and repeatedly striking JARED ALLISON with his fists and baton, standing on JARED ALLISON's foot, and handcuffing JARED ALLISON with unnecessary force, was committed without plaintiffs' consent and without lawful justification or provocation. Such conduct constituted battery of plaintiffs by defendant JOHANSON.

(57) As a proximate result of JOHANSON's conduct, plaintiffs suffered physical and emotional injuries and incurred damages as described in this complaint.

(58) The conduct of defendant JOHANSON was malicious, fraudulent, reckless, and oppressive, and was committed with the intent to cause physical and emotional harm to plaintiffs. Plaintiffs are therefore entitled to an award of punitive and exemplary damages against JOHANSON.

WHEREFORE, plaintiffs pray for relief as set forth below.

**SIXTH CLAIM FOR RELIEF**
**PLAINTIFF JARED ALLISON**
**False Arrest and Imprisonment**
**Stephen Johanson**

(59) Plaintiffs reallege and incorporate by reference paragraphs 1 through 36 as though fully set forth in this claim for relief.

(60) Defendant STEPHEN JOHANSON effected a false imprisonment of plaintiff JARED ALLISON, by unreasonably arresting and imprisoning JARED

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Allison v. Johanson, et al.*     Page 13
COMPLAINT FOR DAMAGES

1 ALLISON in the absence of probable cause. JOHANSON effected the false arrest and
2 imprisonment of plaintiff by means of actual force, implied threats of force, and other
3 forms of unreasonable duress.

4
5 (61) As a proximate result of JOHANSON's false arrest and imprisonment of
6 plaintiff JARED ALLISON, plaintiff suffered physical and emotional injuries and
7 incurred damages as described in this complaint.

8 (62) The conduct of defendant JOHANSON, as described in this claim for
9 relief, was malicious, fraudulent, reckless, and oppressive, and was committed with
10 the intent to cause physical and emotional harm to plaintiff JARED ALLISON. Plaintiff
11 is therefore entitled to an award of punitive and exemplary damages against
12 JOHANSON.
13
14 WHEREFORE, plaintiffs pray for relief as set forth below.

15 **SEVENTH CLAIM FOR RELIEF**
**PLAINTIFF HAZEL ALLISON**
16 **Negligent Infliction of Emotional Distress**
**Stephen Johanson**
17

18 (63) Plaintiffs reallege and incorporate by reference paragraphs 1 through 36
19 as though fully set forth in this claim for relief.

20 (64) At all times mentioned in this complaint, defendant STEPHEN
21 JOHANSON had a duty to use reasonable care to avoid causing foreseeable harm to
22
23 HAZEL ALLISON. Defendant JOHANSON breached this duty of care in negligently
24 using excessive and unnecessary force against JARED ALLISON and in seriously
25 injuring JARED ALLISON with the knowledge that HAZEL ALLISON and the couple's
26 young children were immediately present and that HAZEL ALLISON was
27 contemporaneously aware of JOHANSON's conduct and of the injuries inflicted upon
28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Allison v. Johanson, et al.*                                                                                                       Page 14
COMPLAINT FOR DAMAGES

JARED ALLISON by JOHANSON.

(65)   As a proximate result of the negligence of JOHANSON, plaintiff HAZEL ALLISON suffered severe emotional distress and incurred damages as alleged in this complaint.

WHEREFORE, plaintiffs suffered damages as follows:

1)   For general damages, according to proof;

2)   For special damages, including attorney's fees incurred in defending against the criminal charges, according to proof;

3)   For damages for the violation of constitutional rights, according to proof;

4)   For treble damages and civil penalties, pursuant to California Civil Code section 52;

5)   For punitive and exemplary damages against defendant JOHANSON, according to proof;

6)   For attorney's fees incurred in the prosecution of this action, pursuant to 42 U.S.C. § 1988 and California Civil Code section 52;

7)   For an award of prejudgment interest as allowable by law; and

8)   For such other relief as the court may deem reasonable and just.

Dated: November 12, 2008                */s/* - "Andrew C. Schwartz"
                                        Andrew C. Schwartz
                                        **CASPER, MEADOWS, SCHWARTZ & COOK**
                                        Attorneys for Plaintiffs

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Allison v. Johanson, et al.*                                                     Page 15
COMPLAINT FOR DAMAGES