LOUIS A. LEONE, ESQ. (SBN: 099874)
CLAUDIA LEED, ESQ. (SBN: 122676)
**STUBBS & LEONE**
A Professional Corporation
2175 N. California Blvd., Suite 900
Walnut Creek, CA 94596
Telephone: (925) 974-8600
Facsimile: (925) 974-8601
leedc@stubbsleone.com

Attorneys for Defendant
STEVE DAWSON

ROBERT JOHNSON, ESQ. (SBN: 048067)
**JOHNSON SCHACHTER & LEWIS**
2180 Harvard St Ste 560
Sacramento, CA 95815-3326
Telephone: (916) 921-5800
Facsimile: (916) 921-0247
bob@jsl-law.com

Attorneys for Defendant
STEPHEN JOHANNSON

ANDREW SCHWARTZ (SBN: 064578)
**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131
schwartz@cmslaw.com

Attorneys for Plaintiffs
JARED ALLISON and HAZEL ALLISON

\\\

\\\

\\\

\\\

\\\

\\\

STIPULATED PROTECTIVE ORDER 08-CV-02716-JAM-GGH

1

PDF created with pdfFactory trial version www.pdffactory.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ALLISON and HAZEL ALLISON,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN JOHANSON, in his individual capacity; STEVE DAWSON, in his individual capacity, and DOES 1 through 50,<br><br>Defendants. | Case No.: 2:08-CV-02716-JAM-GGH<br><br>**STIPULATED REQUEST FOR A PROTECTIVE ORDER AND PROPOSED ORDER** |

Plaintiffs JARED ALLISON and HAZEL ALLISON by and through their attorney, Andrew C. Schwartz, individually and on behalf of CASPER, MEADOWS, SCHWARTZ & COOK and Defendants STEPHEN JOHANSON, by and through his attorney of Robert Johnson, individually and on behalf of JOHNSON, SCHACHTER & LEWIS, and defendant STEVEN DAWSON by and through his attorney, Claudia Leed, individually and on behalf of STUBBS & LEONE, hereby stipulate to the following protective order:

1. <u>DEFINITIONS</u>

    1.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.3    <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c). The material subject to this protective order is the following:

PDF created with pdfFactory trial version www.pdffactory.com

a. Documents produced by Defendant Dawson in response to Plaintiff's First Request for the Production of Documents;

b. Documents produced by the parties pursuant to FRCP Rule 26;

c. Any depositions taken in this matter and exhibits attached thereto;

d. Any medical records regarding the plaintiffs;

e. Any medical records regarding Stephen Johanson;

f. Any psychological records regarding the plaintiffs;

g. Any psychological records and psychological screening records regarding Stephen Johanson;

h. Commission of Peace Officer Standards and Training Confidential Profile Report re: Stephen Johanson;

i. Classified Employment Information form re: Stephen Johanson;

j. Classified Employment Application for Stephen Johanson;

k. Sacramento Police Academy Certification for Stephen Johanson;

l. Stephen Johanson's Resume;

m. North Bay Occupational Health, Fitness for Duty Examination of Stephen Johanson;

n. POST Background Investigative File Regarding Stephen Johanson

o. Patrick Lawson-Background Investigative Report regarding Stephen Lawson, dated August 26, 2007;

p. Voice Stress Analysis of Stephen Johanson, dated August 26, 2007;

q. Personal History Questionnaire, Stephen Johanson;

r. Application for Employment form completed by Stephen Johanson dated July 19, 2007;

s. California Department of Justice Criminal History background check on Stephen Johanson;

PDF created with pdfFactory trial version www.pdffactory.com

t. City of Dixon personnel records regarding Stephen Johanson available to Chief Dawson at the time Johanson was hired by the Solano Community College District;

u. Credit report regarding Stephen Johanson;

v. Stephen Johanson's California State University Diploma;

w. Stephen Johanson's California State University–Sacramento transcript;

x. Stephen Johanson's Sierra College transcript;

y. Stephen Johanson's Sacramento City College transcript;

z. Stephen Johanson's American River College transcript;

aa. Stephen Johanson's Commission of Peace Officer Standards and Training Reserve officer Certificate;

bb. Stephen Johanson's Sacramento Police Academy, Basic Academy certificate;

cc. Stephen Johanson's Sacramento Regional Public Safety Training Center certificates;

dd. Stephen Johanson's Military Discharge records;

ee. Suisin Police Department records regarding Stephen Johanson;

ff. Reference information for Stephen Johanson;

gg. Background check provided by United States Air Force regarding Stephen Johanson;

hh. Employment Development Department of California, employment history data regarding Stephen Johanson;

ii. Document dated October 19, 2007 regarding pending appointment of Stephen Johanson as a College Police Officer;

jj. Solano County Community College District Class Specification for College Police Officer;

kk. Letter from Gerald Fisher dated November 14, 2007 to Stephen Johanson;

PDF created with pdfFactory trial version www.pdffactory.com

ll. Personnel File Data Information form re: Stephen Johanson;

mm. Acknowledgement of Stephen Johanson regarding receipt of Solano Community College Police Department Rules and Regulations, dated November 16, 2007;

nn. Oath or Affirmation of Allegiance form signed by Stephen Johanson, October 26, 2007;

1.4 "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

1.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

1.6 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

1.8 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

1.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

PDF created with pdfFactory trial version www.pdffactory.com

1.11 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 3. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 4. DESIGNATING PROTECTED MATERIAL

4.1 F.R.C. P. 26 (c) The information sought to be protected must be properly qualified for protection under F.R.C.P. 26 (c). Counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

4.2. Manner and Timing of Designations. Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" at the top of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly

PDF created with pdfFactory trial version www.pdffactory.com

identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") at the top of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY").

(b) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the projected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential - Attorneys' Eyes Only."

4.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Designating

PDF created with pdfFactory trial version www.pdffactory.com

Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

   5. CHANGING CONFIDENTIALITY DESIGNATIONS

   5.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   5.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

   5.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may fie and serve a motion under Civil Local Rule 78-230 (and in compliance with Civil Local Rule 39-141, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the

PDF created with pdfFactory trial version www.pdffactory.com

meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. ACCESS TO AND USE OF PROTECTED MATERIAL

6.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

PDF created with pdfFactory trial version www.pdffactory.com

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(f) the author of the document or the original source of the information.

7 . <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an

STIPULATED PROTECTIVE ORDER                        08-CV-02716-JAM-GGH
10

PDF created with pdfFactory trial version www.pdffactory.com

opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terns of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. <u>FILING PROTECTED MATERIAL</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action.

10. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving

PDF created with pdfFactory trial version www.pdffactory.com

Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above.

11. MISCELLANEOUS

11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. No Party waives any objections otherwise applicable should this matter be remanded to State Court. No Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May __, 2009                    STUBBS & LEONE

_____
CLAUDIA LEED, ESQ.
Attorney for Defendant
STEVE DAWSON

\\\

\\\

\\\

PDF created with pdfFactory trial version www.pdffactory.com

Dated: March__, 2009                    CASPER, MEADOWS, SCHWARTZ & COOK


                                        _____
                                        ANDREW SCHWARTZ, ESQ.
                                        Attorney for Plaintiffs
                                        JARED ALLISON and HAZEL ALLISON

Dated: March__, 2009                    JOHNSON SCHACHTER & LEWIS
                                        A Professional Law Corporation


                                        _____
                                        ROBERT JOHNSON, ESQ.
                                        Attorney for Defendant,
                                        STEPHEN JOHANSON



PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS SO ORDERED.


Dated:  May 19, 2009                    /s/ John A. Mendez
                                        JOHN A. MENDEZ
                                        United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of _____ **ALLISON v JOHANSON, Case No.: 08-CV-02716 JAM-GGH**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that 1 will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agreed to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                       [signature]

PDF created with pdfFactory trial version www.pdffactory.com